

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-5-2008

# Wael Albudairy v. Deiter

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2761

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Wael Albudairy v. Deiter" (2008). *2008 Decisions*. Paper 150.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/150

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-38                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-2761

WAEL ALBUDAIRY,
                                        Appellant

v.

C.O. DEITER, Correctional Officer at SCI-Dallas;
SGT. HIGGINS, Property Sergeant at SCI-Dallas;
Lt. MILLER, Security Lieutenant at SCI-Dallas.

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 07-00702)
District Judge:  Honorable Richard P. Conaboy

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 21, 2008

Before:  BARRY, AMBRO AND SMITH, Circuit Judges

(Opinion filed: December 5, 2008)

OPINION

PER CURIAM

        Wael Albudairy, a state prisoner at SCI-Dallas, filed this pro se action in the

Middle District of Pennsylvania against three prison officers ("Appellees"), alleging violations of his civil rights under 42 U.S.C. § 1983. Appellees moved to dismiss Albudairy's amended complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). On May 16, 2008, the District Court adopted the report and recommendation of Magistrate Judge Malachy E. Mannion and granted Appellees' motion to dismiss. For the reasons that follow, we will affirm.

Albudairy makes two claims in his amended complaint.[1] The first claim is that Appellee C.O. Deiter violated his Eighth Amendment rights by forcing Albudairy to share a cell with a "self proclaimed Salafi Muslim" because "Salafi Muslims hate me and my people." On this claim, Albudairy requests "Ten Million ($10,000,000) dollars to prevent this kind of incident from ever happening again." The second claim is that Appellees Sgt. Higgins and Lt. Miller violated his Eighth Amendment rights by removing and failing to return his personal property following Albudairy's move to a different cell. For this claim Albudairy seeks three hundred dollars in compensation.

The Magistrate Judge correctly analyzed Albudairy's first Eighth Amendment claim under the Supreme Court's standard for "deliberate indifference." See Farmer v. Brennan, 511 U.S. 825, 837-39 (1994) (no Eighth Amendment liability for prison

---

[1] The District Court also reviewed a Fourteenth Amendment claim involving Albudairy's placement in restricted prison housing. We do not find such a claim alleged in any of Albudairy's letters or substantive filings with the District Court, and therefore do not address its merits in this opinion.

2

officials unless they know of and disregard an excessive risk to an inmate's health or safety). We agree with the Magistrate Judge that Albudairy's decision to assault his new cell-mate fatally undercuts his claim that he was subjected to cruel and unusual punishment by virtue of the cell assignment. Indeed, while the Eighth Amendment confers a duty upon prison officials "to protect prisoners from violence at the hands of other prisoners," id. at 833, it by no means enables or shields unprovoked acts of aggression.

As for Albudairy's second claim regarding his missing personal property, the Magistrate Judge correctly found that the claim was foreclosed by the Supreme Court's decision in Hudson v. Palmer, 468 U.S. 517 (1984). There, the Court held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Id. at 533. In his original complaint, Albudairy admits that there is a grievance procedure available at his place of incarceration, but that he has failed to use it regarding the claims asserted. In addition, Albudairy does not suggest that state and common-law remedies available to redress the alleged confiscation of personal property are somehow inadequate. See id. at 530, 535. Thus, it cannot be said that Albudairy has no "meaningful postdeprivation remedies" in lieu of § 1983.

Finally, the District Court's failure to notify Albudairy of his ability to amend his

3

already amended complaint following the Appellees' motion to dismiss does not change the result in this case. "When a plaintiff does *not* seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (emphasis in original). Based on the content of Albudairy's substantive filings in the District Court, as well as the thorough order from the Magistrate Judge outlining the requirements for Albudairy's first amended complaint, we find that any subsequent notification per Grayson regarding amendment would have been an exercise in futility. Therefore, because we agree with the District Court that Albudairy's amended complaint fails to state a claim upon which relief can be granted, we affirm its order granting Appellees' motion to dismiss under Fed. R. Civ. P. 12(b)(6).